# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

LAWRENCE DARREN MOLDER,

    Plaintiff,

v.

BNSF RAILWAY COMPANY, a Delaware corporation,

    Defendant.

NO: 2:18-CV-0257-TOR

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

BEFORE THE COURT is Defendant BNSF Railway Company's Motion for Judgment on the Pleadings (ECF No. 17). The Motion was submitted for consideration without oral argument. The Court has reviewed the files and the record, and is fully informed. For the reasons discussed below, the Motion for Judgment on the Pleadings (ECF No. 17) is **denied**.

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 1

## STANDARD OF REVIEW

After the close of pleadings, a party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citation omitted). In deciding, "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id.* (citations omitted). "However, judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Id.*

## BACKGROUND

The instant suit involves a Federal Employers Liability Act[1] (FELA) action by Plaintiff Lawrence Darren Molder against his employer Defendant BNSF

---

[1] "Section 1 of FELA provides that '[e]very common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the

Railway Company (BNSF) for injuries sustained while working for BNSF. ECF No. 1. The underlying facts are generally not in dispute.

Sometime in 2009 while working for BNSF, Plaintiff was injured "when a rail puller jumped off the rail and hit [Plaintiff] in the face." ECF Nos. 1 at 2-3, ¶ 7; 17 at 3. Plaintiff filed suit against BNSF in 2012, asserting a Federal Employer's Liability Act (FELA) cause of action based on the 2009 injury. ECF Nos. 1 at 3, ¶ 8; 17 at 3. Plaintiff was also diagnosed with asthmatic-bronchitis in 2014 (presumably) in connection with his work for Defendant. ECF No. 19 at 3.

Plaintiff alleges the Parties were nearing settlement on December 9, 2016 and that, around this time, BNSF accused Plaintiff of submitting false time records. ECF No. 1 at 3, ¶ 9.[2] According to Plaintiff, on February 27, 2017, Plaintiff "injured his back because BNSF ordered him to remove the clips with a d-clipper, which is like a giant bolt cutter, even though he was not scheduled to perform

---

negligence of any of the officers, agents, or employees of such carrier.'" *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 542 (1994) (quoting 45 U.S.C. § 51).

[2] In his Response, Plaintiff asserts that the "material terms of [the] settlement . . . were negotiated prior to February 27, 2017" although "the agreement was not signed until two weeks later, on March 13, 2017." ECF No. 19 at 3.

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 3

manual laborer (sic) and there were machines that could have more easily done the job." ECF No. 1 at 3, ¶ 10.

On March 13, 2017, the Parties entered into a settlement agreement ("Settlement Agreement"). ECF No. 1 at 3, ¶¶ 9, 11. The Settlement Agreement includes the following relevant provisions:

1. **FOR THE SOLE CONSIDERATION** of . . . I, **Lawrence Molder,** release and forever discharge BNSF . . . from all claims and liabilities of every kind or nature, **INCLUDING CLAIMS FOR INJURIES, CONDITIONS, SYMPTOMS, ILLNESSES, & DAMAGES & AGGRAVATIONS, NATURAL PROGRESSION &/OR FURTHER DEVELOPMENT THEREOF, IF ANY, KNOWN OR DIAGNOSED AT THE PRESENT TIME,** including, but not limited to, claims arising out of any and all of the following:

   A. An incident on or about **10-16-09**, at or near **Marshall, WA,** while I was employed as **a Welder,** which incident is described in my recorded statement, and/or employee transcript and/or personal injury report and/or Complaint, and/or discovery responses, and/or medical records;[and]

   B. Any and all claims arising out of a <u>claim submitted</u> on or about **11-16-14**, at or near **Rathdrum, ID** while I was employed as **a Welder**, which injury is described in my recorded statement and/or employee transcript and/or personal injury report. I specifically understand that this Release includes alleged injuries or conditions due to repetitive or cumulative motion, stress, trauma, insult, incident or injury, and the natural progression thereof, which allegedly occurred during the time I was employed by BNSF or its predecessors. [] I further understand that this Release includes any and all claims for alleged exposures during my employment at BNSF, including but not limited to any and all claims for exposure to fumes, dust, particles, vapors, lead, manganese, carbon monoxide, diesel, solvents, paint chemicals and pesticides and any other chemicals or exposures arising out of my employment with the BNSF or its predecessors at any time. This release also specifically includes fear

of potential future conditions due to alleged exposures, including but not limited to cancer.

2. I further agree to completely release and discharge any and all claims and issues raised and/or that could have been raised in the case captioned **Lawrence Molder v. BNSF Railway Co., DV 14-0568, Montana Thirteenth Judicial District Court, Yellowstone County.**

3. . . . I do hereby agree to dismiss with prejudice [the above] lawsuit . . . . This release will also include any and all other claims of any kind or character (known or diagnosed) and all causes of action I might have against Releasees. . . .

   This release is expressly intended to include, but not be limited to, any and all claims for my exposure(s) to any and all incidents, injuries, and/or risks as referenced in the following documents . . .

   (1) My personal injury report(s);
   (2) My recorded statement(s);
   (3) My employee transcripts;
   (4) My medical records in existence to date;
   (5) My pleadings (e.g., Complaint, etc.);
   (6) My deposition transcript;
   (7) My discovery responses and/or disclosure;
   (8) Reports and depositions of any experts, IME physicians and/or treating physicians; and/or
   (9) Any other documentation or information filed with the RRB or any other government agency, benefits provider and/or insurance carrier.

4. The Payment is accepted by me in compromise settlement of disputed claims and such payment is not an admission of liability by said Releasees as to any of the aforementioned claims.

5. The nature and extent of my injuries have been fully explained to me by my Physician(s). I know that additional treatment, surgery and medical expenses may be incurred in the future but notwithstanding those considerations, it is my intent that this document release Releasees from all known and unknown consequences, diseases, losses and expenses and disabilities resulting from my known injuries and in addition all

> consequences, diseases, losses and expense and disabilities that are unknown to me at the present time but which may develop or be incurred in the future, including any and all medical, rehabilitation and/or costs or expenses incurred from and after the date of the execution of this Agreement.

ECF No. 18-1 at 2-4 (emphasis in original).

The day after the Parties entered the Settlement Agreement, BNSF terminated Plaintiff from his employment. ECF No. 1 at 3, ¶ 12. Plaintiff alleges the reason BNSF proffered for the termination was pretext, and that BNSF really terminated him based on his protected activity in reporting his injuries and pursuing his rights in court. ECF No. 1 at 3, ¶¶ 12-13.

Plaintiff brought this suit on August 14, 2018, alleging BNSF is liable under FELA for BNSF's alleged negligence regarding the 2017 incident, ECF No. 1 at 5-6, ¶¶ 19-24, and under the Federal Railroad Safety Act (FRSA) for terminating Plaintiff in retaliation for protected activities, ECF No. 1 at 6-7, ¶¶ 25-29.

BNSF now requests the Court enter judgment on the pleadings as to Plaintiff's FELA action, contending that Plaintiff released this claim under the plain language of the Settlement Agreement. ECF No. 17. Plaintiff opposes the Motion. ECF No. 19. This issue is now before the Court.

## DISCUSSION

BNSF argues Plaintiff released the FELA claim he now asserts, explaining that Plaintiff was injured *before* signing the release and the plain language of the

release waives "all claims and liabilities of every kind or nature, including claims for injuries . . . known or diagnosed at the present time." ECF Nos. 17 at 1-2; 18-1 at 2-4. Plaintiff asserts the Settlement Agreement does not extend to the 2017 injury because the release "does not reflect a bargained for settlement of a known claim for a specific injury[,]"and the Parties "did not intend to release anything related to the 2017 injury to Molder's back." ECF No. 19 at 9. Plaintiff bases his argument on 45 U.S.C. § 55, which prohibits railroads from entering into contracts that *exempt* the railroad from FELA liability. ECF No. 19 at 6.

Relevant to the issue before the Court, Congress has limited the employer's ability to immunize itself from FELA liability:

> Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: *Provided,* That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought.

45 U.S.C. § 55. This does not preclude a valid release, however, as "a release is not a device to exempt from liability but is a means of compromising a claimed liability and to that extent recognizing its possibility." *Callen v. Pennsylvania Railroad Co.*, 332 U.S. 625, 631 (1948) ("Where controversies exist as to whether

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 7

there is liability, and if so for how much, Congress has not said that parties may not settle their claims without litigation.").

There appears to be a circuit split as to whether an employee may (1) release only injuries known at the time of signing or (2) release known injuries *along with* "controversies about potential liability and damages related to known risks even if there is no present manifestation of injury." *Wicker v. Consol. Rail Corp.*, 142 F.3d 690, 700-01 (3d Cir. 1998); *compare Babbitt v. Norfolk & W. Ry. Co.*, 104 F.3d 89, 93 (6th Cir. 1997) ("[t]o be valid, a release must reflect a bargained-for settlement of a known claim for a specific injury, as contrasted with an attempt to extinguish potential future claims the employee might have arising from injuries known or unknown by him."), *with Wicker*, 142 F.3d at 701 (the effective "scope of the release is limited to those risks which are known to the parties at the time the release is signed."). However, under either approach, "[a] FELA release may be set aside on the basis of mutual mistake of fact in executing the release." *Counts v. Burlington N. R. Co.*, 952 F.2d 1136, 1141 (9th Cir. 1991) (citing *Callen,* 332 U.S. at 630; *Graham v. Atchison, T. & S.F. Ry. Co.,* 176 F.2d 819, 823-25 (9th Cir. 1949)). This includes "confusion or mistake as to the nature and extent of the

claimant's injuries."[3] *See id.* (citing *Callen,* 332 U.S. at 628-30; *Graham,* 176 F.2d at 823-26). For example, where the employee and employer settle a claim based on the assumption that the complained-of injury is superficial (and the parties did not contemplate that the injury could become serious), the release is not effective as to the more serious nature of that injury should it manifest. *See Callen*, 332 U.S. at 626-629 (release not effective as to permanent injury where the parties enjoyed a mutual mistake as to extent of injuries).

Here, Plaintiff alleges that he suffered "severe, permanent, and painful injury to his back and his body as a whole." ECF No. 1 at 6, ¶ 22. However, despite the Parties' significant attention to detail in describing the 2011 and 2014 injuries in the Settlement Agreement, there is no mention of the 2017 injury. *See* ECF No. 18-1 at 2. This, along with the alleged timeline of the drafting of the material

---

[3] This rule is a general rule of contract law. *See Graham*, 176 F.2d at 824 ("[W]hether we consider the problem from the standpoint of Federal or State law, the result is the same. Generally, mistake or fraud are recognized grounds for the rescission of agreements of compromise and release of any character, including those made under [FELA]."); 17A Corpus Juris Secundum Contracts § 185 ("A mutual mistake is one shared by both parties to a contract, and where relating to material or essential matters, it may be ground for avoiding the contract.").

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 9

terms, the injury, and the signing of the agreement, gives rise to a reasonable inference that the Parties did not – in entering the Agreement – contemplate the severity of the injury as now alleged, if considered at all.

Defendant has thus failed to demonstrate it is entitled to a Judgment on the Pleadings.

**ACCORDINGLY, IT IS ORDERED:**

Defendant BNSF Railway Company's Motion for Judgment on the Pleadings (ECF No. 17) is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

DATED February 19, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 10