MICHAEL CHAIT
KELSEY ENDRES
HAYLEY VENTOZA
MONTGOMERY SCARP & CHAIT PLLC
1218 THIRD AVENUE, SUITE 2500
SEATTLE, WA  98101
(206) 625-1801

HONORABLE CHIEF JUDGE
THOMAS O. RICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAWRENCE DARREN MODLER,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY CO.,<br><br>Defendant. | No. 2:18-CV-257-TOR<br><br>**BNSF'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S RESPONSE TO BNSF'S MOTION FOR SUMMARY JUDGMENT**<br><br>NOTE ON MOTION CALENDAR:<br>August 27, 2019<br>Without oral argument |

Pursuant to Federal Rule of Civil Procedure 56(c)(2), BNSF files the following objections to evidence filed in support of Plaintiff's Response to BNSF's Motion for Summary Judgment (ECF No. 45) and Plaintiff's Response to BNSF's Statement of Material Facts (ECF No. 43).

BNSF'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S RESPONSE TO BNSF'S MOTION FOR SUMMARY JUDGMENT - 1
No. 2:18-cv-257-TOR

**MONTGOMERY SCARP & CHAIT PLLC**
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807


# EVIDENTIARY OBJECTIONS

| Material objected to | Ground(s) for objection | Ruling |
|---|---|---|
| **1.** All exhibits "attached" to Plaintiff's Response to BNSF's Motion for Summary Judgment (ECF No. 45) and Plaintiff's Response to BNSF's Statement of Material Facts (ECF No. 43). | Plaintiff did not include a declaration to authenticate such "attached" exhibits, nor establish that they are self-authenticating. Fed. R. Evid. 602, 901(a); Fed. R. Civ. Proc. 56(c)(4); *Kim v. Boeing Co.*, No. C10-1850RSM, 2011 WL 4437086, at *1 (W.D. Wash. Sept. 23, 2011), aff'd, 487 F. App'x 356 (9th Cir. 2012). As such, all should be ignored, and any reference to such evidence in plaintiff's opposition should be stricken. *Howell v. Swedish Med. Ctr.*, No. C04-1329RSM, 2005 WL 2455020, at *1 (W.D. Wash. Oct. 4, 2005) (where plaintiff failed to properly file declaration, "declaration and attached exhibits accordingly cannot be considered by the Court.") | ☐ Sustained<br>☐ Overruled |
| **2.** The inclusion of full, undesignated, deposition transcripts (ECF Nos. 43-1 through 43-12, 43-15 through 43-20, 43-22, 43-23) | Without explanation, plaintiff includes the full transcripts of each deposition taken in this case (as well as a number of irrelevant transcripts from other cases), regardless of whether any specific section applies, and without pointing the Court to any sections cited. These exhibits should be stricken for failure to abide by the Court's Jury Trial Scheduling Order which provides:<br><br>    When a party relies on deposition testimony to | ☐ Sustained<br>☐ Overruled |

BNSF'S EVIDENTIARY OBJECTIONS TO
PLAINTIFF'S RESPONSE TO BNSF'S
MOTION FOR SUMMARY JUDGMENT - 2
No. 2:18-cv-257-TOR

**MONTGOMERY SCARP & CHAIT PLLC**
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

| Material objected to | Ground(s) for objection | Ruling |
|---|---|---|
| | support a position it takes in support or opposition to an issue, that party shall provide the Court <u>with the pertinent excerpts</u> of the deposition testimony relied upon and shall cite to page and line numbers of the deposition it believes supports its position. See generally LCivR 56(c). Submission of the entire deposition and/or failure to cite to specific portions of the deposition may result in the submission being stricken from the record. *See Orr v. Bank of America*, 285 F.3d 764, 774-75 (9th Cir. 2002).<br><br>ECF No. 13 at 6:17-7:4 (emphasis in original). Accordingly, the above-referenced exhibits, and any reference to them in the briefing, should be stricken. | |
| **3.** Ex. A, deposition of Darron Boltin in *Fresquez v. BNSF*, Case No. 1:17-cv-008844 (D. Col.), in its entirety. | Plaintiff seeks to introduce the entirety of the deposition testimony of a BNSF employee, from an entirely different case, in a different state, involving none of the individuals involved in this case. Mr. Boltin has never been identified in discovery responses, or otherwise disclosed as a witness in this case. There is no relevance to such information on its face, and the attachment of the transcript violates | ☐ Sustained<br>☐ Overruled |

BNSF'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S RESPONSE TO BNSF'S MOTION FOR SUMMARY JUDGMENT - 3
No. 2:18-cv-257-TOR

**MONTGOMERY SCARP & CHAIT PLLC**
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

| | Material objected to | Ground(s) for objection | Ruling |
|---|---|---|---|
| 1 | | | |
| 2 | | the Court's Jury Trial Scheduling Order (ECF No. 13 at 6:17-7:4). | |
| 3-12 | | Moreover, plaintiff proffers this testimony to claim that the investigation procedures bargained for as part of the Collective Bargaining Agreement between BNSF and members of plaintiff's union are "unfair." Such perceived "unfairness" of the bargained-for agreement is entirely irrelevant to the issues before this Court. *See* BNSF's Motion in Limine Nos. 35 (ECF No. 53 at 43:8-44:15).<br><br>Moreover, this individual was not identified in plaintiff's initial disclosures and the testimony can be struck on that basis, too. Fed. R. Civ. Proc. 37(c)(1). | |
| 13-19 | **4.** Ex. H, deposition of BNSF (Eric Weber) in *Koziara v. BNSF*, Case No. 13-cv-00834 (W.D. Wis.), in its entirety. | Plaintiff seeks to introduce the entirety of the deposition transcript of a six year old corporate deposition, from an entirely different case, in a different state, involving none of the individuals involved in this case. Plaintiff does not even cite this deposition in his response papers. There is no relevance to such information on its face, and the attachment of the transcript violates the Court's Jury Trial Scheduling Order (ECF No. 13 at 6:17-7:4). Moreover, this individual was not identified in discovery or plaintiff's | ☐ Sustained<br>☐ Overruled |

BNSF'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S RESPONSE TO BNSF'S MOTION FOR SUMMARY JUDGMENT - 4
No. 2:18-cv-257-TOR

**MONTGOMERY SCARP & CHAIT PLLC**
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

| Material objected to | Ground(s) for objection | Ruling |
|---|---|---|
| | initial disclosures and the testimony can be struck on that basis, too. Fed. R. Civ. Proc. 37(c)(1). | |
| **5.** Ex. I, deposition of BNSF (Greg Koontz) in *Dickens v. BNSF*, OSHA Office of Administrative Judges, Case No. 2016-FRS-0065, in its entirety. | Plaintiff seeks to introduce the entirety of the deposition transcript of a 2017 corporate deposition, from an entirely different case, in a different state, involving none of the individuals involved in this case. Plaintiff does not cite to any specific portion of his deposition in his response papers. There is no relevance to such information on its face, and the attachment of the transcript violates the Court's Jury Trial Scheduling Order (ECF No. 13 at 6:17-7:4). Moreover, this individual was not identified in discovery or plaintiff's initial disclosures and the testimony can be struck on that basis, too. Fed. R. Civ. Proc. 37(c)(1). | ☐ Sustained<br>☐ Overruled |
| **6.** Ex. J, deposition of Michael Paz in *Fresquez v. BNSF*, Case No. 1:17-cv-008844 (D. Col.), in its entirety. | Plaintiff seeks to introduce the entirety of the deposition transcript of an unrelated witness, from an entirely different case, in a different state, involving none of the individuals involved in this case. There is no relevance to such information on its face, and the attachment of the transcript violates the Court's Jury Trial Scheduling Order (ECF No. 13 at 6:17-7:4).<br><br>Moreover, neither this individual, nor | ☐ Sustained<br>☐ Overruled |

BNSF'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S RESPONSE TO BNSF'S MOTION FOR SUMMARY JUDGMENT - 5
No. 2:18-cv-257-TOR

MONTGOMERY SCARP & CHAIT PLLC
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

| Material objected to | Ground(s) for objection | Ruling |
|---|---|---|
|  | this transcript, was identified in discovery or in plaintiff's initial disclosures and the testimony can be struck on that basis, too. Fed. R. Civ. Proc. 37(c)(1). |  |
| **7.** Ex. K, declaration of Lawrence Mann submitted in *Fresquez v. BNSF*, Case No. 1:17-cv-008844 (D. Col.), in its entirety. | Plaintiff seeks to introduce the entirety of a declaration of an undisclosed expert that his counsel filed in an entirely different case, in a different state, involving none of the individuals involved in this case.<br><br>The declaration relates solely to the purported legislative history behind amendments to the FRSA that have no bearing on resolution of the issues on this motion. *See*, *e.g.*, BNSF's Motion in Limine No. 8, ECF No. 53 at 15:7-16:13.<br><br>Moreover, neither this individual, nor this declaration were identified in discovery or in plaintiff's initial disclosures and the testimony can be struck on that basis, too. Fed. R. Civ. Proc. 37(c)(1). | ☐ Sustained<br>☐ Overruled |
| **8.** Ex. Q, deposition of Stephanie Detlefson in *Fresquez v. BNSF*, Case No. 1:17-cv-008844 (D. Col.), in its entirety. | Plaintiff seeks to introduce the entirety of the deposition transcript of an unrelated witness, from an entirely different case, in a different state, involving none of the individuals involved in this case. There is no relevance to such information on its face, and the attachment of the | ☐ Sustained<br>☐ Overruled |

BNSF'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S RESPONSE TO BNSF'S MOTION FOR SUMMARY JUDGMENT - 6
No. 2:18-cv-257-TOR

MONTGOMERY SCARP & CHAIT PLLC
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

| Material objected to | Ground(s) for objection | Ruling |
|---|---|---|
| | transcript violates the Court's Jury Trial Scheduling Order (ECF No. 13 at 6:17-7:4).<br><br>Moreover, neither this individual, nor this transcript, was identified in discovery or in plaintiff's initial disclosures and the testimony can be struck on that basis, too. Fed. R. Civ. Proc. 37(c)(1). | |
| **9.** Exhibit U, Plaintiff's September 12, 2017 interview with OSHA. | Plaintiff's use of his own interview is impermissible hearsay. Fed. R. Evid. 802. While BNSF may use the interview under Federal Rule of Evidence Procedure 801(d)(2), plaintiff's use of it is not permitted. | ☐ Sustained<br>☐ Overruled |

BNSF'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S RESPONSE TO BNSF'S MOTION FOR SUMMARY JUDGMENT - 7
No. 2:18-cv-257-TOR

**MONTGOMERY SCARP & CHAIT PLLC**
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this action. I am the assistant to an attorney with Montgomery Scarp & Chait PLLC, whose address is 1218 Third Avenue, Suite 2500, Seattle, Washington, 98101.

I hereby certify that a true and complete copy of BNSF'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S RESPONSE TO BNSF'S MOTION FOR SUMMARY JUDGMENT has been filed with the United State District Court via ECF system, which gives automatic notification to the following interested parties:

| | |
|---|---|
| Joseph A. Grube | Nicholas D. Thompson |
| Karen Orehoski | The Moody Law Firm |
| Breneman Grube Orehoski, PLLC | 500 Crawford Street, Suite 200 |
| 1200 Fifth Avenue, Suite 625 | Portsmouth, VA 23704 |
| Seattle, WA 98101 | |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff-Pro Hac Vice* |

I declare under penalty under the laws of the United States of America that the foregoing information is true and correct.

DATED this 12th day of August, at Seattle, Washington.

   s/ Katherine Eiler
Katherine Eiler, Paralegal

BNSF'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S RESPONSE TO BNSF'S MOTION FOR SUMMARY JUDGMENT - 8
No. 2:18-cv-257-TOR

**MONTGOMERY SCARP & CHAIT PLLC**
1218 Third Avenue, Suite 2500
Seattle, Washington 98101
Telephone (206) 625-1801
Facsimile (206) 625-1807